**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| **JESUS CRUZ,** | : | |
| | : | |
| Petitioner, | : | **REPORT AND** |
| | : | **RECOMMENDATION** |
| - against - | : | |
| | : | **03 Civ. 2981 (SHS) (RLE)** |
| **M. GIAMBRUNO, Superintendent,** | : | |
| **Wyoming Correctional Facility,** | : | |
| | : | |
| Respondent. | : | |

**To the HONORABLE SIDNEY H. STEIN, U.S.D.J.:**

# I. INTRODUCTION

*Pro se* petitioner, Jesus Cruz ("Cruz"), seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction in New York State Supreme Court, New York County, on January 31, 2000. Cruz was convicted of attempted kidnapping in the second degree, and sentenced to a determinate term of six years. He is now serving his sentence at Riverview Correctional Facility in Ogdensburg, New York.[1] Cruz challenges his conviction on two grounds: 1) the merger doctrine bars his attempted kidnapping conviction and requires reversal; 2) his conviction was contrary to the weight of the evidence. For the reasons set forth below, I recommend that Cruz's petition be **DENIED.**

---

[1]Because Cruz was previously incarcerated at Wyoming Correctional Facility in Attica, New York, he named Michael Giambruno, Superintendent of that facility, as respondent. Cruz has since been moved to Riverview Correctional Facility, where Ekpe D. Ekpe is Superintendent.

## II. BACKGROUND

### A.  Factual History[2]

At trial, the testimony showed that on July 6, 1999, four year old D.S. was playing baseball with his two brothers and several other children at a park adjacent to 344 East 28th Street in Manhattan.  Declaration in Opposition to Petition for a Writ of Habeas Corpus ("Resp. Decl."), Michael P. King, September 5, 2003, Exh. A at 3.  One witness, Angelo Camacho, testified that he saw Cruz holding onto a fence outside the park, drinking beer, and looking at children.  Memorandum of Law in Opposition to Petitioner's Application for a Writ of Habeas Corpus ("Opp. Mem.") at 3.  A second witness, Armando Maldonado ("Maldonado"), testified that he saw Cruz masturbating.  **Id**. at 4.  According to Maldonado, Cruz eventually approached D.S. and told him he wanted to "take him home."  **Id**.  He grabbed D.S. by the neck, but the child pulled away, saying "leave me alone."  Resp. Decl., Exh. A at  4.  D.S.'s brother went up to Cruz and said "Don't touch him, leave my little brother," and pulled D.S. away.  Opp. Mem. at 4.  Maldonado told Cruz to leave the area, and said he would call the police if Cruz did not go.  **Id**.  Meanwhile, a third witness, Frances Garcia, called the police and reported that there was someone in the park trying to grab a child.  **Id**. at 5.

D.S.'s mother took him to a police officer who had arrived on the scene, and D.S. told the

---

[2] The Court does not have the transcript of Cruz's trial.  The factual recitation herein is derived from Cruz's and respondent's submissions to this Court, and on direct appeal to the New York Supreme Court, Appellate Division, First Department. *See* 28 U.S.C. § 2254, Rule 5 ("If a transcript cannot be obtained . . . a narrative summary of the evidence [may be submitted].") ; **Elliott v. Kuhlmann**, 2004 WL 806986, at *2 (S.D.N.Y. Apr. 9, 2004); **Douglas v. Portuondo**, 232 F. Supp. 2d 106, 109, n.1 (S.D.N.Y. 2002).  The Court finds that the current record suffices to resolve Cruz's claims.

officer what had happened.  **Id**. at 2.  Cruz was apprehended and identified by one of the witnesses while he was in police custody.  **Id**.  When Cruz was taken to the station house, he appeared steady and balanced, and had no difficulty functioning.  **Id**. at 5.

**B.     Trial and Appellate History**

On August 11, 1999, Cruz was charged with attempted kidnapping in the second degree, attempted sodomy in the first degree, public lewdness, and endangering the welfare of a child. **Id**. at 2.  Following a bench trial, Cruz was found guilty on January 18, 2000, of attempted kidnapping in the second degree, and sentenced to six years.  **Id**.  He filed a timely notice of appeal on February 14, and was appointed counsel.  **Id**. at 5.

Cruz's direct appeal to the Appellate Division, First Department, raised two issues: 1) the prosecution had failed to establish by legally sufficient evidence that he had the specific intent to commit a kidnapping, and his conviction for attempted kidnapping should be reversed as against the weight of the evidence; and 2) the merger doctrine required reversal of his attempted kidnapping conviction.  Resp. Decl., Exh. A at 2.  The Appellate Division unanimously affirmed the conviction, holding that the evidence was legally sufficient to support his conviction for attempted kidnapping, and that the merger doctrine did not preclude his conviction for attempted kidnapping even where the related charge of attempted sodomy was dismissed for legal insufficiency.  **People v. Cruz**, 745 N.Y.S.2d 528, 532 (App. Div. 1st Dep't 2002).

Subsequently, in letters dated August 29 and October 24, 2002, Cruz applied for leave to appeal to the New York State Court of Appeals, requesting review of both of the issues presented to the lower appellate court.   Leave was denied on November 19.  **People v. Cruz**, 99 N.Y.2d 534 (2002).  On April 4, 2003, Cruz submitted the instant *pro se* petition.

# III. DISCUSSION

## A.    Timeliness

A petitioner must file an application for a writ of habeas corpus within one year of his conviction becoming final.  28 U.S.C. § 2244(d).  A conviction becomes final when the time to seek direct review in the United States Supreme Court by writ of habeas corpus expires, that is, ninety days after the final determination by the state court.  **Williams v. Artuz**, 237 F.3d 147, 150 (2d Cir. 2001).  Because leave to appeal his conviction was denied on November 19, 2002, Cruz's conviction became final on February 17, 2003.  Cruz filed his habeas petition on April 4, 2003, and it is therefore timely.

## B.    Exhaustion

Generally, a federal court may not consider a petition for habeas corpus unless the petitioner has exhausted all state judicial remedies.  28 U.S.C. § 2254(b)(1)(A).  The exhaustion doctrine requires a petitioner challenging a state court conviction on federal grounds to have presented his or her claims to the state courts first.  **Daye v. Attorney Gen. of New York**, 696 F.2d 186, 191 (2d Cir. 1982) (*en banc*), *cert. denied*, 464 U.S. 1048 (1984).  In **Daye**, the Court indicated four ways in which a petitioner may "fairly present" federal constitutional claims to the state courts: "(a) reliance on pertinent federal cases employing constitutional analysis, (b) reliance on state cases employing constitutional analysis in like fact situations, (c) assertion of the claim in terms so particular as to call to mind a specific right protected by the Constitution, and (d) allegation of a pattern of facts that is well within the mainstream of constitutional litigation."  **Id**. at 194.

Although the Second Circuit has indicated that "it would be better practice for counsel when relying on a broad constitutional doctrine like the Fourteenth Amendment to support the claim with a factual premise and by citation to federal cases, a minimal reference to the Fourteenth Amendment satisfies the exhaustion requirement." **Reid v. Senkowski**, 961 F.2d 374, 376 (2d Cir. 1992) (internal quotations and citations omitted). Cruz's first argument, namely that his conviction must be reversed as against the weight of the evidence, includes a citation to the Fourteenth Amendment and federal case law. Resp. Decl., Exh. A at 13. This claim was thus fairly presented, and it is exhausted.

Cruz, however, did not raise his merger doctrine claim as a federal constitutional issue in the Appellate Division. Counsel cited only to state law when raising this issue, **id**. at 14-18, and these cases do not employ constitutional analysis. In addition, the claim does not call to mind a specific right protected by the Constitution, and Cruz does not allege a fact pattern within the mainstream of constitutional litigation. None of the options presented in **Daye** is present, and the claim is unexhausted. However, a district court can deny a claim on the merits even if the claim is unexhausted. 28 U.S.C. § 2254(b)(2).

**C.      Merits of the Claims**

   **1.      Claim that the Conviction is Not Support by Sufficient Evidence and is
            Against the Weight of the Evidence**

Cruz contends that his conviction for attempted kidnapping was against the weight and sufficiency of the evidence because there was no evidence that he took any steps to attempt to kidnap D.S. or to put him in danger of being kidnapped. Resp. Decl., Exh. A at 8. He also claims that he was too intoxicated to form an intent to kidnap D.S. **Id**. at 11. Because the

Appellate Division denied Cruz's claim on the merits, habeas relief is available only if the

Appellate Division's decision was "contrary to" or "an unreasonable application of federal law"

or if the proceeding "resulted in a decision that was based on an unreasonable determination of

the facts in light of the evidence presented in the State court." 28 U.S.C. § 2254(d)(1).

To the extent Cruz claims that his guilt was not proven beyond a reasonable doubt, the

relevant question for this Court is whether, "after viewing the evidence in the light most

favorable to the prosecution, *any* rational trier of fact could have found the essential elements of

the crime beyond a reasonable doubt." **Jackson v. Virginia**, 443 U.S. 307, 319 (1979)

(emphasis in original). A petitioner "bears a very heavy burden" when challenging the legal

sufficiency of the evidence in a state criminal conviction. **Einaugler v. Supreme Court**, 109

F.3d 836, 840 (2d Cir. 1997) (citations omitted). "This [C]ourt is not free to make credibility

judgments about the testimony . . . or to weigh conflicting testimony." **Fagon v. Bara**, 717 F.

Supp. 976, 979-80 (E.D.N.Y. 1989) (citing cases). All permissible inferences are drawn in favor

of the government. **United States v. Martinez**, 54 F.3d 1040, 1042 (2d Cir.), *cert. denied*, 516

U.S. 1001 (1995). Under AEDPA, all state court fact findings are presumed correct and

rebuttable only by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

"A person is guilty of kidnapping in the second degree when he abducts another

person." N.Y. Penal Law § 135.20. "Abduct means to restrain a person with intent to prevent

his liberation by . . . secreting or holding him in a place where he is not likely to be found."

N.Y. Penal Law § 135.00[2]. "A person is guilty of an attempt to commit a crime when, with

intent to commit a crime, he engages in conduct which tends to effect the commission of such

crime." N.Y. Penal Law § 110.00. If a defendant engages in conduct that comes "very near" or

"dangerously near" the commission of a crime, then he is guilty of an attempt to commit a crime. **People v. Acosta**, 80 N.Y.2d 665, 670 (1993).

There is sufficient evidence that Cruz came very near or dangerously near to kidnapping D.S. He approached and grabbed D.S., telling him that he wanted to "take him home." Opp. Mem. at 2. Intervention by D.S.'s brother and Maldonado prevented him from taking D.S. Cruz's claim that he could not have taken D.S. home since he was homeless is irrelevant since taking D.S. to a place where he is not likely to be found is sufficient for a abduction charge. Cruz also argues that he was too intoxicated to form the intent to kidnap. Resp. Decl., Exh. A at 9. There is evidence that Cruz was drinking right before the incident, but both Maldonado and the officer who arrested Cruz testified that he appeared sober and normal. Opp. Mem. at 5. This testimony was sufficient to rebut Cruz's claim that he was too incapacitated to form an intent. Cruz has failed to demonstrate that the evidence was insufficient to establish his guilt, and his claim should be **DENIED**.

### 2. Claim that the Attempted Kidnapping Count should have Merged with the Attempted Sodomy Count

Under New York law, the merger doctrine is designed to protect a defendant's rights under the double jeopardy clause. **Mucci v. Quinlan**, 1986 WL 6776, at *8 (S.D.N.Y. June 10, 1986) (*citing* **North Carolina v. Pearce**, 395 U.S. 711, 717 (1969)). It precludes a conviction, where the restraint necessary for kidnapping is "so much the part of another substantive crime that the substantive crime could not have been committed without such acts and that independent criminal responsibility may not be fairly attributed to them." **People v. Gonzales**, 80 N.Y.2d 146, 153 (1992) (*quoting* **People v. Cassidy**, 40 N.Y.2d 763, 767 (App. Div. 2d

Dep't 1976)). Consequently, a defendant may not be convicted of unlawful restraint where the abduction or restraint is merely incidental to the commission of another substantive crime, since the Legislature would not have intended a defendant to be convicted of kidnapping under such circumstances. **Gonzales**, 80 N.Y.2d at 150.

Cruz contends that his conviction for attempted kidnapping merged with the attempted sodomy charge. Resp. Decl., Exh. A at 14. Because the sodomy count was dismissed by the court for insufficient evidence, Cruz claims his kidnapping conviction should also be dismissed. **Id**. This argument is meritless. The merger doctrine does not apply here because Cruz's sodomy count was dismissed and therefore Cruz has not received "multiple punishments for the same offense." **Mucci**, 1986 WL 6776, at *8 ("The evil to be avoided under the merger doctrine is conviction for unlawful imprisonment and the concomitant substantive offense, not trial for the two offenses."). Even if the merger doctrine were applicable in this case, Cruz's attempted restraint of D.S. "was not . . . necessary and integral to another crime, nor was it simultaneous and inseparable from another crime. It was a crime in itself. " **Gonzales**, 80 N.Y.2d at 153 (holding that kidnapping did not merge into the attempted rape); *see also* **People v. Howard**, 761 N.Y.S.2d 115, 117-18 (2003), *leave denied*, 100 N.Y.2d 583 (2003) (finding that assault and unlawful imprisonment are separate crimes, rendering the merger doctrine inapplicable). Therefore, the Appellate Division correctly found that "the dismissal of the attempted sodomy charge for insufficiency does not undermine the proof of defendant's attempt to commit the independent crime of kidnapping." **Cruz**, 745 N.Y.S.2d at 532.

In any case, the application of the merger doctrine does not implicate any federal constitutional right. The merger doctrine is based on an interpretation of the New York Penal

Law.  *See* **Ellis v. Phillips**, 2005 WL 1637826, at *21 (S.D.N.Y. July 13, 2005); **Duncan v. Greiner**, 1999 WL 20890, at *8 (S.D.N.Y. Jan. 19, 1999); **Pellot v. Artuz**, 1996 WL 629559, at *2 (E.D.N.Y. Oct. 15, 1996).  "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."  **Estelle v. McGuire**, 502 U.S. 62, 67-68 (1991) (*citing* 28 U.S.C. § 2241).  The merger doctrine presents such an issue and therefore Cruz's merger doctrine claim should be **DENIED**.

### 3.     Cruz's Claim of Actual Innocence

Cruz sent a letter to this Court along with his petition for habeas corpus, in which he claims actual innocence.  Cruz Letter, June 29, 2003.  "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence . . . that was not presented at trial."  **Schlup v. Delo**, 513 U.S. 298, 324 (1995).  In the present case, because Cruz did not submit new reliable evidence not presented at trial, his claim of actual innocence should be **DENIED**.

## IV. CONCLUSION

For the reasons set forth above, I recommend that Cruz's petition for writ of habeas corpus be **DENIED**.  Pursuant to Rule 72, Federal Rules of Civil Procedure, the parties shall have ten (10) days after being served with a copy of the recommended disposition to file written objections to this Report and Recommendation.  Such objections shall be filed with the Clerk of the Court and served on all adversaries, with extra copies delivered to the chambers of the Honorable Sidney H. Stein, 500 Pearl Street, Room 1010, and to the chambers of the undersigned, 500 Pearl Street, Room 1970.  Failure to file timely objections shall constitute a waiver of those objections both in the District Court and on later appeal to the United States

9

Court of Appeals. *See* **Thomas v. Arn**, 474 U.S. 140, 150 (1985); **Small v. Sec'y of Health and Human Servs.**, 892 F.2d 15, 16 (2d Cir. 1989) (*per curiam*); 28 U.S.C. § 636(b)(1) (West Supp. 1995); Fed. R. Civ. P. 72, 6(a), 6(e).

**DATED: May 9, 2006**
**New York, New York**

Respectfully Submitted,

The Honorable Ronald L. Ellis
United States Magistrate Judge

**Copies of this Report and Recommendation were sent to:**

Petitioner, *pro se*
Jesus Cruz
00-A-3304
Riverview Correctional Facility
P.O. Box 158
Ogdensburg, New York 13669

Counsel for Respondent
Luke Martland
Assistant Attorney General
120 Broadway NY, NY 10271
Fax: 212-416-8010